a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEMARCUS O'BRIAN STEWART #00740218, Plaintiff | CIVIL DOCKET NO. 1:22-CV-02427 SEC P |
| VERSUS | JUDGE DRELL |
| LA DEPT OF CORRECTIONS, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Jemarcus O'Brian Stewart ("Stewart"). ECF No. 1. Stewart is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Richland Parish Detention Center in Rayville, Louisiana. Steward challenges his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish, Louisiana.

Because Stewarts's Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Stewart was indicted by a grand jury with one count of first-degree rape, four counts of carnal knowledge of a juvenile, and one count of pornography involving a juvenile. ECF No. 1-2 at 1. On December 13, 2018, he pleaded guilty to three counts of carnal knowledge of a juvenile and one count of pornography involving a juvenile.

*Id.* He was sentenced to 10 years of imprisonment. *Id.* Pursuant to the terms of the guilty plea, no appeal was filed.

On June 11, 2020, Stewart filed an application for post-conviction relief alleging that he received ineffective assistance of counsel. ECF No. 1-2 at 19. The application was denied. *Id.* at 1-3. The Third Circuit Court of Appeal denied writs on January 27, 2021. *Id.* at 7-8. The Louisiana Supreme Court denied Stewart's writ application as untimely filed. *Id.* at 11.

II. Law and Analysis

    A. Stewart's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This is such a pleading.

    B. Stewart's Petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Stewart's conviction became final on January 13, 2019, when the time to appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); La. C.Cr.P. art. 914(b)(1). Stewart did not file an application for post-conviction relief until June 11, 2020. Because more than one-year passed before the post-conviction application was filed, Stewart is not entitled to statutory tolling. *See Villegas*, 184 F.3d at 472. The Petition is untimely under the AEDPA.

### C. <u>Stewart is not entitled to equitable tolling.</u>

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, none exist in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). A petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented

3

timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Stewart suggests that his writ application was untimely filed in the Louisiana Supreme Court due to the COVID-19 pandemic. However, the one-year limitations period expired in January 2020, prior to the coronavirus outbreak in the United States. The record contains no extraordinary circumstance that prevented Stewart from timely filing a habeas petition.

### III. Conclusion

Because Stewart's Petition (ECF No. 1) is untimely and he is not entitled to equitable tolling or other relief, IT IS RECOMMENDED that his Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Monday, October 3, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE